UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| QUINTON THOMAS, et al., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | No. 4:18CV2071 RLW |
| | ) | |
| CITY OF EDMUNDSON, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on the Motion for More Definite Statement filed by Defendant, the City of Edmundson ("the City"). (ECF No. 15) Plaintiffs Quinton M. Thomas and Bradley Jiles (collectively referred to as "Plaintiffs") are opposed to the motion. After careful consideration, the Court denies the City's motion.

## BACKGROUND

Plaintiffs filed this putative class action, on behalf of themselves and others similarly situated, pursuant to 42 U.S.C. § 1983 against the City, claiming it has a deliberate policy that violates their constitutional rights. Count I of Plaintiff's Class Action Compliant alleges violations of the Fourteenth Amendment for imprisoning Plaintiffs for inability to pay; Count II alleges violations of the Sixth and Fourteenth Amendments for failure to provide adequate counsel; Count III alleges violations of the Fourteenth Amendment for subjecting Plaintiffs to indefinite and arbitrary detention; Count IV alleges violations of the Fourth and Fourteenth Amendments for issuances of invalid warrants; and Count V alleges violations of the Fourteenth Amendment for the use of threats of incarceration to collect debts. (*Id.* at ¶¶ 157-79)

The City moves pursuant to Federal Rule of Civil Procedure 12(e) for the Court to order Plaintiffs to amend their complaint to provide a more definite statement. Plaintiffs oppose the motion and argue their complaint satisfies federal pleading requirements.

## LEGAL STANDARD

Under Federal Rule of Civil Procedure 12(e), "[a] party may move for a more definite statement of a pleading to which a responsive pleading is allowed but which is so vague or ambiguous that the party cannot reasonably prepare a response." "Rule 12(e) is not designed to remedy an alleged lack of detail, rather, the Rule is intended to serve as a means to remedy unintelligible pleadings." *Resolution Trust Corp. v. Fiala*, 870 F. Supp. 962, 977 (E.D. Mo. 1994). However, when a "pleading fails to specify the allegations in a manner that provides sufficient notice, a defendant can move for a more definite [statement] under Rule 12(e) before responding." *Whitehead v. City of St. Louis*, No. 4:09CV483 CDP, 2009 WL 4430699, at *1 (E.D. Mo. Nov. 24, 2009) (quoting *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 512 (2002)).

## DISCUSSION

The City argues the Court should order Plaintiffs to provide a more definite statement regarding their alleged constitutional violations. Specifically, the City wants Plaintiffs to amend their complaint to include the following:

> a. Each action that each Plaintiff contends to have resulted in the violation of a constitutional right;
>
> b. Each injury resulting therefrom; and
>
> c. The identity of each person (by title or name) who committed each such action (i.e., whether it was the prosecutor, municipal judge, court clerk, police officer, etc.).

(ECF No. 15, at 3) The City also argues the putative class definitions are vague and uncertain.[1]

"In an action under § 1983, a municipality . . . cannot be liable on a respondeat superior theory, but can be held liable if a constitutional violation resulted from a municipal policy or custom." *A.H. v. St. Louis Cty., Mo.*, 891 F.3d 721, 728 (8th Cir. 2018). "Only where a municipality's failure to train its employees in a relevant respect evidences a 'deliberate indifference' to the rights of its inhabitants can such a shortcoming be properly thought of as a city 'policy or custom' that is actionable under § 1983." *City of Canton, Ohio v. Harris*, 489 U.S. 378, 389 (1989). Therefore, municipal liability will apply in two situations: "where a municipal policy is itself unconstitutional, and where the municipality's deliberate indifference to the need to train and supervise its employees causes an employee to violate a third party's constitutional rights." *A.H.*, 891 F.3d at 728.

---

[1] The City argues the putative class definitions conflate the identity of the sole named defendant – the City – with the state of Missouri. Plaintiffs' complaint repeatedly alleges the City, "through its police department, *municipal court system*, and prosecuting attorney's office," maintained a deliberate policy that violated their constitutional rights. (Class Action Compl. ¶ 1, ECF No. 1) After Missouri voters approved amendments to the state constitution in 1976, municipal courts were "abolished as separate entities and incorporated into the circuit system as divisions of the circuit courts." *Gregory v. Corrigan*, 685 S.W.2d 840, 842 (Mo. 1985) (en banc) (citing Mo. Const. art. V, § 1 & art. V, § 27.2(a), (b) (1945, as amended 1976)). Consequently, the City's municipal court division is part of Missouri's unified state judiciary and immune from § 1983 cases. *See generally Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658, 690 (1978) (holding that local governments and officials, not federal or state governments and officials, can be liable under § 1983). It appears that the City is attempting to argue Plaintiffs' claims are properly directed, at least in part, at the City's municipal court division rather than the City itself. Such an argument is irrelevant in this motion for a more definite statement. In any event, the argument has been repeatedly rejected by courts in this district in the context of motions to dismiss for failure to join an indispensable party pursuant to Rule 12(b)(7) in factually similar cases. *See Fant v. City of Ferguson*, No. 4:15-CV-00253-AGF, 2019 WL 3577529 (E.D. Mo. Aug. 6, 2019) (finding that "the Court is able to accord meaningful relief to Plaintiffs without joinder of the municipal court"); *Baker v. City of Florissant*, No. 4:16–CV–1693 NAB (E.D. Mo. Aug. 12, 2019) (same); *Webb v. City of Maplewood*, No. 4:16 CV 1703 CDP, 2017 WL 2418011 (E.D. Mo. Aug. 20, 2019) (same); *Davis v. City of Normandy*, No. 4:18CV1514 RLW, 2019 WL 3997469 (E.D. Mo. Aug. 23, 2019) (same).

A plaintiff bringing a claim for municipal liability pursuant to § 1983 must assert or allege fact from which reasonable inferences can be drawn that the conduct of which he or she complains was the result of an unconstitutional policy or custom. *McKay v. City of St. Louis*, No. 4:15-CV-01315-JAR, 2016 WL 4594142, at *5 (E.D. Mo. Sept. 2, 2016). "A pattern of similar constitutional violations by untrained employees is ordinarily necessary to demonstrate deliberate indifference for purposes of failure to train." *S.M. v. Lincoln Cty.*, 874 F.3d 581, 585 (8th Cir. 2017) (quoting *Connick v. Thompson*, 563 U.S. 51, 62 (2011)). The plaintiff, however, "need not specifically plead the unconstitutional policy or incorporate the policy's specific language into his complaint" because "[a]t the time his complaint is filed, a plaintiff may not be privy to the facts necessary to accurately describe or identify the specific policies or customs which may have caused the deprivation of his constitutional right." *McKay*, 2016 WL 4594142, at *5.

The Court finds Plaintiffs' pleadings, while lengthy, are not unintelligible to necessitate a more definite statement. "Because of liberal notice pleading and the availability of extensive discovery, motions for a more definite statement are universally disfavored." *McCoy v. St. Louis Pub. Sch.*, 4:11CV918 CDP, 2011 WL 4857931, at *2 (E.D. Mo. Oct. 13, 2011). "Rule 12(e) is not designed to remedy an alleged lack of detail" but simply "intended to serve as a means to remedy unintelligible pleadings." *Boswell v. Panera Bread Co.*, 91 F. Supp. 3d 1141, 1144 (E.D. Mo. 2015). "The only question is whether it is possible to frame a response to the pleading." *Id.* Plaintiffs' Class Action Complaint alleges various facets of an alleged municipal policy or custom that may subject it to liability under § 1983, a municipality. For example, Plaintiffs allege that "[City] officials and employees—through their conduct, decisions, training, rules, policies, practices, and procedures—constructed and implemented this scheme for the

overriding purpose of raising municipal revenue (and not for any legitimate law enforcement purpose)." (*Id.* at ¶ 4) Specifically, Plaintiffs allege the City's mayor directly monitored the number of traffic tickets issued by City police officers and "admonished those officers when they do not issue as many tickets as the Mayor would like." (*Id.* at ¶ 35) The City's argument that Plaintiffs' allegations fail to sufficiently plead the specifics of each alleged constitutional violation does not constitute a basis for relief at this stage.[2] Such details will undoubtedly be expounded during the course of discovery.

Accordingly,

**IT IS HEREBY ORDERED** that the Motion for More Definite Statement filed by Defendant, the City of Edmundson, (ECF No. 15) is **DENIED**.

The City is reminded of its obligation to answer or otherwise respond to the Class Action Compliant within the time set by the rules.

Dated this 30th day of September, 2019.

_____
**RONNIE L. WHITE**
**UNITED STATES DISTRICT JUDGE**

---

[2] Other courts in this district have denied requests for more definite statements in factually similar cases making substantially similar allegations. *See, e.g., Fant v. The City of Ferguson*, No. 4:15-CV-00253-AGF (E.D. Mo. May, 26, 2015); *Baker v. City of Florissant*, No. 4:16-CV-1693 NAB, 2017 WL 6316736, at \*5 (E.D. Mo. Dec. 11, 2017).