**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | | |
|---|---|---|
| QUINTON M. THOMAS and BRADLEY JILES, | ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | No. 4:18-CV-2071 RLW |
| CITY OF EDMUNDSON, | ) ) | |
| Defendant. | ) ) | |

## ORDER GRANTING FINAL APPROVAL OF CLASS ACTION SETTLEMENT

The Court has considered the Parties' Joint Motion for Final Approval of Class Action Settlement (ECF No. 86), the Settlement Agreement (ECF No. 86-1), the Parties' Memorandum in Support and its Exhibits (ECF No. 87), and all other papers filed in this action. On May 19, 2022, this Court preliminarily approved this settlement. (ECF No. 79). At that time, this Court certified this case as a class for settlement purposes and appointed attorneys John M. Waldron, Maureen Hanlon, and Nathaniel Carroll of ArchCity Defenders and Zachary Fayne of Arnold & Porter Kaye Scholer, LLP, as Settlement Class Counsel.

The matter having been submitted and good cause appearing therefore, the Court finds as follows:

1. All defined terms contained herein have the same meaning as set forth in the final Settlement Agreement executed by the Parties and filed with this Court as ECF No. 86-1 to the Joint Motion for Final Approval of Class Action Settlement ("Settlement Agreement");

2. Notice in this case was completed by the administrator, Atticus Administration, LLC ("Atticus"), a nationally known class-administration firm with significant experience. The Court recognizes and approves the content of the Affidavit provided by Atticus regarding the notice attached as Exhibit 1 to the Memorandum in Support of the Joint Motion for Final Approval of Class Action Settlement. (ECF No. 87-1).

3. Defendant has ensured certain notice of the class action settlement pursuant to the Class Action Fairness Act, 28 U.S.C. §§ 1332(d), 1453, and 1711-1715 was delivered to the Attorney General of the United States and to the appropriate state official in forty-six (46) states and the District of Columbia. (ECF No. 85).

4. The Settlement Administrator confirms that all CAFA Notice Packets were delivered as of October 3, 2022. (ECF No. 85-1).

5. The Court finds that there were no timely opt-outs and one objection to this settlement.

6. The Court finds that all aspects of Class Notice were accomplished in accordance with this Court's preliminary approval of the Settlement.

7. The Settlement Class Representatives and the Defendant, through their counsel of record in the Litigation, have reached an agreement to settle all claims in the Litigation.

8. The Parties have agreed that Class Counsel will be compensated in the amount of $47,500 to satisfy all attorneys' fees and costs in this case. This amount is reasonable given the nature of this case and the work of Class Counsel. This case is complex and involves questions of constitutional law and interpretation as well as issues of sovereign immunity and municipal liability. Class Counsel worked diligently on the case and moved it towards settlement as quickly as practicable. This was a result of aggressive, persistent litigation. Further, the benefits to the Class are significant. Finally, attorneys'

fees were negotiated at arms-length and approved by both Parties, including the Class Representatives. There have been no objections by Class Members. Based on the above, the Court finds that the requested attorneys' fees are fair and reasonable and should be paid from the settlement.

9. The Court finds that the Class Representative payments of $7,500 each to Bradley Jiles and Quinton Thomas are fair and reasonable.

10. Further, this Court hereby:

   a. Finds that all matters ordered by this Court in its Order Granting Preliminary Approval of Class Action Settlement (ECF No. 79) have been accomplished;

   b. Finds that Class Counsel have fairly and adequately protected the interests of the Settlement Class;

   c. Finds that all requirements of statutes, rules, and the United States Constitution necessary to effectuate this Agreement have been met and satisfied;

   d. Finds that Defendant met the requirement of notice to appropriate state and federal officials under the Class Action Fairness Act, 28 U.S.C. §§ 1332(d), 1453, and 1711-1715, and further finds that more than 90 days have elapsed since that notice;

   e. Gives final approval to the Settlement Agreement as fair, reasonable, and adequate to the Class Members;

   f. Approves the award of Class Counsel's attorney fees in the amount of $47,500.00 and Class Representative compensation in the amount of $7,500 per Class Representative pursuant to the Settlement Agreement;

   g. Recognizes that by entering into the Settlement Agreement, Defendant City of

Edmundson has not admitted any wrongdoing or liability on its part and denies the same. The Court recognizes that the Settlement Agreement between the Parties is a compromise of disputed claims; and

h.  Recognizes that Class Counsel have done an admirable job of representing the interests of the Class; Class Representatives have represented the Class fairly and adequately, giving up their time to secure relief that will benefit thousands of people; counsel for the Defendant City of Edmundson has provided excellent representation for their client; thus, final approval is in the best interest of the Parties and the Class.

Good cause appearing therefore,

**IT IS HEREBY ORDERED** that:

1.  The Joint Motion for Final Approval of Class Action Settlement is **GRANTED** (ECF No. 86), and the Settlement Agreement is given final approval as fair, reasonable, and adequate for the settlement of the claims of the Class Members.

2.  The Parties will comply with the terms of the Settlement Agreement with the terms of the Settlement being incorporated in this Order.

3.  All members of the Settlement Classes, their heirs, executors, administrators, successors, and assigns are bound by this Final Order. The three Settlement Classes are defined as:

> **The Jailed Class**: All persons who, between December 12, 2013, and July 1, 2021, were ARRESTED or INCARCERATED by or on behalf of Defendant City of Edmundson (as identified by Plaintiffs' Expert Witness Dr. William Rogers or the Claims Administrator during the course of the Litigation);
>
> **The Paid Fines Class**: All persons who, between December 12, 2013, and July 1, 2021, PAID a fine, fee, cost, surcharge, or other monetary sum to Defendant City of Edmundson; and

**Warrant Class**: All persons who were the subject of an ARREST WARRANT issued between December 12, 2013, and July 1, 2021, by Defendant City of Edmundson.

4.  Defendant and Defendant's employees, agents, appointed and elected officials, insurers, indemnitors, contractors, police or other law enforcement officers, corrections officers, prosecutors, city/municipal attorneys, and persons participating in the operation of the Municipal Court within the City of Edmundson, including municipal judges, clerks, and other personnel (the "Edmundson Released Parties") are released from any and all claims, causes of action, liabilities, and demands, fixed or contingent, that were asserted by the Plaintiffs in this case as described in the Complaint in this action or that could have been, or should have been, asserted in the Complaint by the Plaintiffs or any member of the Settlement Class (including, but not limited to any "conditions of confinement" claim) against the Edmundson Released Parties (the "Edmundson Released Claims").

5.  In addition, the City of St. Ann, Missouri, (and its employees, agents, appointed and elected officials, insurers, indemnitors, contractors, police or other law enforcement officers, corrections officers, prosecutors, city/municipal attorneys, and persons participating in the operation of the Municipal Court within the City of St. Ann, including municipal judges, clerks, and other personnel), and St. Louis County, Missouri, (and its employees, agents, appointed and elected officials, police or other law enforcement officers, corrections officers, prosecutors, county attorneys, and county judges and other county court personnel), (together, the "Other Released Parties") are released from any and all claims, causes of action, liability, and demands, fixed or contingent, for Incarceration of Plaintiffs or any member of the Settlement

5

Class on behalf of Defendant, the City of Edmundson, in connection with the Edmundson Released Claims.

6. Notwithstanding the foregoing, the Parties agree that this Release in no way releases against the Other Released Parties any claims by Plaintiffs or any member of the Settlement Class currently pending and as may be amended, in any court of law, based upon the following:

    a. Incarceration by or on behalf of any entity other than Defendant, the City of Edmundson;

    b. Fee Payments to any entity other than Defendant, the City of Edmundson;

    c. Warrants issued by any entity other than Defendant, the City of Edmundson; or

    d. The conditions of confinement in which individuals were incarcerated on behalf of Defendant, the City of Edmundson, including the "conditions of confinement" claims asserted in *Meredith Walker, et al., v. City of St. Ann, Mo.*, No. 4:18CV1699-SEP, which case is currently pending in the Eastern District of Missouri.

7. In the event that the Effective Date occurs, all Class Members will be deemed to have forever released and discharged the Released Claims as described in paragraphs 4, 5, and 6, above. In the event that the Effective Date does not occur for any reason whatsoever, the Settlement Agreement shall be deemed null and void and shall have no effect whatsoever.

8. Attorney fees and Class Representative payments are fair and reasonable and should be paid from the settlement pursuant to the terms of the Settlement Agreement.

9. In the event that the Effective Date occurs, this action will be deemed resolved and shall

be dismissed on the merits with prejudice and (except as provided in this Order or in the Settlement Agreement) without any additional costs and attorney fees to any party as against any other.

**IT IS SO ORDERED.**

_Ronnie L. White_

**RONNIE L. WHITE**
**UNITED STATES DISTRICT JUDGE**

Dated this 3rd day of January, 2023.